## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Urban Red LLC, | ) | Case No. 26-10283-KBO |
| | ) | |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

## MOTION OF ENDGAME HOLDINGS, LLC TO TRANSFER VENUE OF AFFILIATED CASE TO THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA

Endgame Holdings, LLC ("Endgame"), by and through undersigned counsel, respectfully moves this court ("the "Motion") for entry of an order transferring venue of the above-captioned bankruptcy case of Urban Red LLC ("Urban Red") to the United States Bankruptcy Court for the Eastern District of North Carolina, pursuant to 28 U.S.C. § 1412 and Fed. R. Bankr. P. 1014.

In further support of this Motion, Endgame represents to the Court as follows:

## I.     INTRODUCTION

1.     Urban Red is, and admits that it is, an affiliate of NecoSage, LLC ("NecoSage"), whose involuntary Chapter 7 proceeding has been pending in the Eastern District of North Carolina since February 24, 2026, before the Honorable Judge David M. Warren, Case No. 26-00822-DMW. The involuntary petition was filed by Endgame and other petitioning creditors.

2.     Transfer is warranted under both prongs of 28 U.S.C. § 1412 – the interest of justice and the convenience of the parties – and is consistent with the affiliate-case framework of Fed. R. Bankr. P. 1014(b).

## II.    JURISDICTION AND VENUE

3.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

4.    Venue of this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.    The statutory predicates for the relief requested herein are 28 U.S.C. § 1412 and Fed. R. Bankr. P. 1014.

## III.    BACKGROUND

6.    On March 1, 2026, Urban Red commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

7.    Urban Red is an "affiliate" of NecoSage within the meaning of 11 U.S.C. § 101(2). Specifically, as demonstrated by the chart attached hereto as **Exhibit A**, NecoSage holds a 74.17% ownership interest Emergent 1 Partners LLC ("Emergent"), and Emergent holds a 100% ownership interest in Urban Red.

8.    None of the creditors of either Urban Red or NecoSage are located in Delaware, while many are in primarily Texas, Virginia, and North Carolina. More importantly, Farooq Cheema, who remains the principal decision-maker of both NecoSage and Urban Red, resides within the Eastern District of North Carolina.

## IV.    RELIEF REQUESTED

9.    Endgame respectfully requests that the Court enter an order ("the Order"), substantially in the form attached hereto as **Exhibit B**, transferring venue of this affiliated case to the United States Bankruptcy Court for the Eastern District of North Carolina, given the pendency of NecoSage's case in North Carolina, which is likely to be converted consensually to a Chapter 11 case in the next few days.

## V.    BASIS FOR RELIEF

10.    Pursuant to 28 U.S.C. § 1412 a bankruptcy case "may be transferred to another district, in the interest of justice or for the convenience of the parties." Courts interpret the statutory standard disjunctively, such that satisfying either prong would suffice. *See In re Northfield Lab'ys Inc.*, 467 B.R. 582, 590 (Bankr. D. Del. 2010). Fed. R. Bankr. P. 1014(b) specifically addresses affiliated cases filed in different districts and authorizes the court of the first-filed petition to determine, in the interest of justice or for the convenience of the parties, the appropriate district in which the cases should proceed, after notice and a hearing, and to stay related proceedings in the meantime.

11.    Courts evaluate transfer under multi-factor tests substantially derived from the "interest of justice" and "convenience" considerations, often including the *Commonwealth Oil* factors: proximity of creditors, the debtor, and witnesses; location of assets; efficient administration of the estate; and the necessity for ancillary administration. *See Matter of Commonwealth Oil Ref. Co., Inc.*, 596 F.2d 1239, 1247–48 (5th Cir. 1979); *In re Centennial Coal, Inc.*, 282 B.R. 140, 144 (Bankr. D. Del. 2002).

12.    The Eastern District of North Carolina has a stronger factual nexus to both Urban Red and NecoSage than the District of Delaware. Creditors of both entities and the principal and lead decision-maker of both entities resides in North Carolina, making North Carolina the entities' operational center of gravity.

13.    Public interest considerations also favor transfer: local courts have a legitimate interest in adjudicating cases that directly affect local creditors.

14.    In addition, several of Urban Red and NecoSage's creditors are located in North Carolina, and the Necosage case was filed first, centralized proceedings in the Eastern District of North Carolina will reduce travel and participation costs for these stakeholders.

15.     Transfer will reduce travel costs, avoid duplicative local counsel expenses, and leverage the Eastern District of North Carolina court's familiarity with NecoSage's business and capital structure.

WHEREFORE, Endgame respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit B**, granting this Motion and transferring venue of this case to the United States Bankruptcy Court for the Eastern District of North Carolina.

Dated: March 2, 2026.

**K&L GATES, LLP**

/s/ Matthew B. Goeller
Matthew B. Goeller (No. 6283)
600 N. King Street, Suite 901
Wilmington, DE 19801
Telephone: (302) 416-7000
E-mail: matthew.goeller@klgates.com

-and-

A. Lee Hogewood, III (*pro hac vice forthcoming*)
North Carolina State Bar No. 17451
Gunjan D. Devnani
North Carolina State Bar No. 62331
K&L Gates LLP
301 Hillsborough Street, Suite 1200
Raleigh, North Carolina 27603
Telephone: 919-743-7306
E-mail:  Lee.Hogewood@klgates.com
Gunjan.Devnani@klgates.com

*Counsel for Endgame Holdings, LLC*